STATE BOARD OF TAX APPEALS.

LUCASTON RAILROAD COMPANY, PETITIONER, v. WILLIAM D. KELLY, STATE TAX COMMISSIONER. RESPONDENT.

Decided November 4, 1942.

For the petitioner, *William Clayton Jones* and *Edgar S. McKaig*.

For the respondent, *Harry A. Walsh*.

WAESCHE, President. The appeal complaint filed by the Lucaston Railroad Company seeks a reduction of the amount of the assessment and valuation placed upon its property by the State Tax Commissioner pursuant to chapter 291, laws of 1941, and the amendments thereto. At the hearing, the appellant contended that it is not subject to taxation under chapter 291, laws of 1941, and its amendments, because it is not a railroad within the meaning of that act.

The Lucaston Railroad Company was incorporated in May, 1892, under an act of the legislature of the State of New Jersey, entitled "An act to authorize the formation of railroad companies and regulate the same," approved April 2d, 1873, and acts supplementary thereto and amendatory thereof.

Under its certificate of incorporation, it is authorized to construct, maintain and operate a railroad for public use, in the conveyance of persons and property. However, since its incorporation, its franchise and property have been taxed as a railroad.

The Lucaston Railroad is the roadbed and railroad tracks running from Lucaston, New Jersey, to Gibbsboro, New

Jersey, a distance of about one and three-quarter miles. The company neither owns, leases nor operates any rolling stock. Its roadbed and tracks are used only to carry freight between Lucaston and the John Lucas & Company paint plant at Gibbsboro. The Penn-Reading Seashore Lines furnish the engine to haul this freight.

In the case of *Sheridan* v. *New Jersey and New York Central Railroad Co.,* 104 *N. J. L.* 622; 141 *Atl. Rep.* 811, the Court of Errors and Appeals said that a common carrier is a *quasi*-public agency enjoying a franchise to serve the public. The Lucaston Railroad Company holds a franchise from the State of New Jersey to operate a railroad for public use in the conveyance of persons and property.

A common carrier by railroad owning facilities for the transportation of persons or property in this state, is a railroad within the definition of a railroad in section 2 of article I of chapter 291, laws of 1941, and is therefore subject to taxation.

The Lucaston Railroad Company did not have an opportunity to submit evidence concerning the value of its real estate. Its appeal will therefore be dismissed without prejudice, and the tax assessments levied by the State Tax Commission for the year 1942 are hereby affirmed.